**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AMIA CAPITAL MACRO MASTER FUND
LIMITED, AMUNDI FUNDS - EMERGING
MARKETS BOND, AMUNDI FONDI ITALIA -
AMUNDI OBBLIGAZIONARIO PAESI
EMERGENTI A DISTRIBUZIONE, AMUNDI
FUNDS - EMERGING MARKETS BLENDED
BOND, AMUNDI FUNDS - EMERGING
MARKETS HARD CURRENCY BOND, AMUNDI
FUNDS - EMERGING MARKETS SHORT TERM
BOND, AMUNDI FUNDS - STRATEGIC BOND,
FONDI AMUNDI -  AMUNDI
OBBLIGAZIONARIO DINAMICO, AMUNDI
FUNDS - OPTIMAL YIELD SHORT TERM,
AMUNDI S.F. - EMERGING MARKETS BOND
2024, AMUNDI S.F. - EMERGING MARKETS
BOND 2025, CAIUS CAPITAL MASTER FUND,
CALLAWAY STRATEGIC OPPORTUNITY
FUND I, LP, BAYERNINVEST ALTERNATIVE
LOAN FONDS-SEGMENT GOLDENTREE 2,
CORBIN ERISA OPPORTUNITY FUND, LTD.,
CROWN MANAGED ACCOUNTS SPC -
CROWN/GT SEGREGATED PORTFOLIO, FS
CREDIT INCOME FUND, GINKGO TREE, LLC,
GN3 SIP LIMITED, GOLDENTREE CO-INVEST
MASTER FUND II LTD., GOLDENTREE
DISTRESSED MASTER FUND III LTD.,
GOLDENTREE DISTRESSED ONSHORE
MASTER FUND III LP, GOLDENTREE
EMERGING MARKETS MASTER FUND ICAV,
GOLDENTREE INSURANCE FUND SERIES
INTERESTS OF THE SALI MULTI-SERIES
FUND, L.P., GOLDENTREE MASTER FUND,
LTD., GOLDENTREE MULTI SECTOR-C LP,
GOLDENTREE NJ DISTRESSED FUND 2015 LP,
GOLDENTREE V1 MASTER FUND, L.P., GT
CREDIT FUND LP, GT G DISTRESSED FUND
2020 LP, GT NM, LP, GUADALUPE FUND, LP,
HIGH YIELD AND BANK LOAN SERIES TRUST,
KAPITALFORENINGEN INDUSTRIENS
PENSION PORTFOLIO - EMERGING MARKETS
OBLIGATIONER I, LOUISIANA STATE
EMPLOYEES RETIREMENT SYSTEM, MA
MULTI-SECTOR OPPORTUNISTIC FUND, LP,
PINEHURST PARTNERS, L.P., SAN
BERNARDINO COUNTY EMPLOYEES
RETIREMENT ASSOCIATION, GREYLOCK

Case No.: 21-cv-

**COMPLAINT**

GLOBAL OPPORTUNITY MASTER FUND, LTD.,
GREYLOCK GLOBAL FOCUS MASTER FUND,
LTD, BEAUREGARDE HOLDINGS LLP,
BEAUREGARDE HOLDINGS II LLP, and
MANDRAKE HOLDINGS, LLC,

    Plaintiffs,

v.

    THE PROVINCE OF BUENOS AIRES,

    Defendant.

Plaintiffs Amia Capital Macro Master Fund Limited, Amundi Funds - Emerging Markets Bond, Amundi Fondi Italia - Amundi Obbligazionario Paesi Emergenti a distribuzione, Amundi Funds - Emerging Markets Blended Bond, Amundi Funds - Emerging Markets Hard Currency Bond, Amundi Funds - Emerging Markets Short Term Bond, Amundi Funds - Strategic Bond, Fondi Amundi - Amundi Obbligazionario Dinamico, Amundi Funds - Optimal Yield Short Term, Amundi S.F. - Emerging Markets Bond 2024, Amundi S.F. - Emerging Markets Bond 2025, Caius Capital Master Fund, Callaway Strategic Opportunity Fund I, LP, BayernInvest Alternative Loan Fonds-Segment GoldenTree 2, Corbin ERISA Opportunity Fund, Ltd., Crown Managed Accounts SPC - Crown/GT Segregated Portfolio, FS Credit Income Fund, Ginkgo Tree, LLC, GN3 SIP Limited, GoldenTree Co-Invest Master Fund II Ltd., GoldenTree Distressed Master Fund III Ltd., Goldentree Distressed Onshore Master Fund III LP, GoldenTree Emerging Markets Master Fund ICAV, GoldenTree Insurance Fund Series Interests of the SALI Multi-Series Fund, L.P., GoldenTree Master Fund, Ltd., GoldenTree Multi Sector-C LP, GoldenTree NJ Distressed Fund 2015 LP, GoldenTree V1 Master Fund, L.P., GT Credit Fund LP, GT G Distressed Fund 2020 LP, GT NM, LP, Guadalupe Fund, LP, High Yield and Bank Loan Series Trust, Kapitalforeningen Industriens Pension Portfolio - Emerging Markets Obligationer I, Louisiana State Employees Retirement System, MA Multi-Sector Opportunistic Fund, LP, Pinehurst Partners, L.P., San

Bernardino County Employees Retirement Association, Greylock Global Opportunity Master Fund, Ltd., Greylock Global Focus Master Fund, Ltd., Beauregarde Holdings LLP, Beauregarde Holdings II LLP, and Mandrake Holdings, LLC (collectively, "Plaintiffs"), for their complaint against Defendant the Province of Buenos Aires ("PBA"), allege as follows:

## NATURE OF THE ACTION

1.      This is a breach of contract action arising from PBA's failure to make contractually-mandated principal and interest payments on certain debt securities issued by PBA (the "Notes"), in which Plaintiffs own beneficial interests totaling approximately $1.9 billion[1] of aggregate principal amount outstanding under the Notes.

2.      PBA has failed to make any of the principal or interest payments due on the Notes since June 2020.

## PARTIES

3.      Plaintiff Amia Capital Macro Master Fund Limited is an exempted company organized and existing under the laws of the Cayman Islands with a registered address at Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1- 1104.  Plaintiff Amia Capital Macro Master Fund Limited is the beneficial owner of $148,882,559 in principal amount across all series of the Notes in which it holds a beneficial interest.

4.      Plaintiff Amundi Funds – Emerging Markets Bond, where Emerging Markets Bond is a sub-fund of the umbrella fund Amundi Funds, an open-ended investment company organized as a "société anonyme" and qualifying as a "société d'investissement à capital variable" (SICAV) under the laws of Luxembourg with a registered office address at 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg.  Plaintiff Amundi Funds – Emerging Markets Bond

---

[1] Figures provided herein are estimates and reflect conversion of Euro to U.S. dollar and are subject to change based on currency conversion rates.

is the beneficial owner of $16,390,800 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

5.      Plaintiff Amundi Fondi Italia - Amundi Obbligazionario Paesi Emergenti a distribuzione, where Amundi Obbligazionario Paesi Emergenti a distribuzione is a sub-fund of the umbrella fund Amundi Fondi Italia, an open-ended collective investment scheme organized as a "Fondo Comune di Investimento" under the laws of Italy with a registered office address at c/o Amundi SGR S.p.A. Via Cernaia, 8/10, 20121 Milan, Italy.  Plaintiff Amundi Fondi Italia - Amundi Obbligazionario Paesi Emergenti a distribuzione is the beneficial owner of $1,843,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

6.      Plaintiff Amundi Funds - Emerging Markets Blended Bond, where Emerging Markets Blended Bond is a sub-fund of the umbrella fund Amundi Funds, an open-ended investment company organized as a société anonyme" and qualifying as a "société d'investissement à capital variable" (SICAV) under the laws of Luxembourg with a registered office address at 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg.  Plaintiff Amundi Funds - Emerging Markets Blended Bond is the beneficial owner of $29,540,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

7.      Plaintiff Amundi Funds - Emerging Markets Hard Currency Bond, where Emerging Markets Hard Currency Bond is a sub-fund of the umbrella fund Amundi Funds, an open-ended investment company organized as a société anonyme" and qualifying as a "société d'investissement à capital variable" (SICAV) under the laws of Luxembourg with a registered office address at 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg.  Plaintiff Amundi Funds - Emerging Markets Hard Currency Bond is the beneficial owner of $11,088,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

8.     Plaintiff Amundi Funds - Emerging Markets Short Term Bond, where Emerging Markets Short Term Bond is a sub-fund of the umbrella fund Amundi Funds, an open-ended investment company organized as a société anonyme" and qualifying as a "société d'investissement à capital variable" (SICAV) under the laws of Luxembourg with a registered office address at 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg.  Plaintiff Amundi Funds - Emerging Markets Short Term Bond is the beneficial owner of $4,605,600 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

9.     Plaintiff Amundi Funds - Strategic Bond, where Strategic Bond is a sub-fund of the umbrella fund Amundi Funds, an open-ended investment company organized as a société anonyme" and qualifying as a "société d'investissement à capital variable" (SICAV)  under the laws of Luxembourg with a registered office address at 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg.  Plaintiff Amundi Funds - Strategic Bond is the beneficial owner of $12,000,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

10.     Plaintiff Fondi Amundi - Amundi Obbligazionario Dinamico, where Amundi Obbligazionario Dinamico is a sub-fund of the umbrella fund Fondi Amundi, an open-ended collective investment scheme organized as a Fondo Comune di Investimento under the laws of Italy with a registered office address at c/o Amundi SGR S.p.A., Via Cernaia, 8/10, 20121 Milan, Italy.  Plaintiff Fondi Amundi - Amundi Obbligazionario Dinamico is the beneficial owner of $240,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

11.     Plaintiff Amundi Funds - Optimal Yield Short Term, where Optimal Yield Short Term is a sub-fund of the umbrella fund Amundi Funds, an open-ended investment company

organized as a société anonyme" and qualifying as a "société d'investissement à capital variable" (SICAV) under the laws of Luxembourg with a registered office address at 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg.  Plaintiff Amundi Funds - Optimal Yield Short Term is the beneficial owner of $1,600,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

12.     Plaintiff Amundi S.F. - Emerging Markets Bond 2024, where Emerging Markets Bond 2024 is a sub-fund of the umbrella fund Amundi S.F., an open-ended mutual investment fund ("fond commun de placement") organized under the laws of Luxembourg with a registered office address at c/o Amundi Luxembourg S.A., 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg.  Plaintiff Amundi S.F. - Emerging Markets Bond 2024 is the beneficial owner of $2,200,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

13.     Plaintiff Amundi S.F. - Emerging Markets Bond 2025, where Emerging Markets Bond 2025 is a sub-fund of the umbrella fund Amundi S.F., an open-ended mutual investment fund ("fond commun de placement") organized under the laws of Luxembourg with a registered office address at c/o Amundi Luxembourg S.A., 5, allée Scheffer, L-2520 Luxembourg, Grand Duchy of Luxembourg.  Plaintiff Amundi S.F. - Emerging Markets Bond 2025 is the beneficial owner of $600,000 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

14.     Plaintiff Caius Capital Master Fund is an exempted company organized and existing under the laws of the Cayman Islands with a registered address at Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1- 1104.  Plaintiff Caius

Capital Master Fund is the beneficial owner of $96,439,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

15.     Callaway Strategic Opportunity Fund I, LP is a limited partnership organized and existing under the laws of the Cayman Islands with a registered office address at Ugland House, South Church Street, George Town, Grand Cayman KY1-1104, Cayman Islands.  Plaintiff Callaway Strategic Opportunity Fund I, LP is the beneficial owner of $56,219,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

16.     Plaintiff BayernInvest Alternative Loan Fonds-Segment GoldenTree 2 is an investment fund organized and existing under the laws of Luxembourg with a registered office address at 6B, rue Gabriel Lippmann, Munsbach, Luxembourg, L-5365.  Plaintiff BayernInvest Alternative Loan Fonds-Segment GoldenTree 2 is the beneficial owner of $965,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

17.     Plaintiff Corbin ERISA Opportunity Fund, Ltd. is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Elian Fiduciary Services (Cayman) Limited, 89 Nexus Way, Camana Bay, Cayman Islands KY1-9007. Plaintiff Corbin ERISA Opportunity Fund, Ltd. is the beneficial owner of $22,185,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

18.     Plaintiff Crown Managed Accounts SPC - Crown/GT Segregated Portfolio is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o LGT Bank In Liechtenstein (Cayman) Limited, UBS House, 227 Elgin Avenue, P.O. Box 852, Grand Cayman, KY1-1103, Cayman Islands.  Plaintiff Crown Managed Accounts SPC - Crown/GT Segregated Portfolio is the beneficial owner of $10,112,400 in principal amount across all series of the Notes in which it holds a beneficial interest.

19.     Plaintiff FS Credit Income Fund is a mutual fund organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff FS Credit Income Fund is the beneficial owner of $860,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

20.     Plaintiff Ginkgo Tree, LLC is a limited liability company organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff Ginkgo Tree, LLC is the beneficial owner of $2,206,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

21.     Plaintiff GN3 SIP Limited is a limited company organized and existing under the laws of Jersey with a registered office address of Gaspe House 66-72 Esplande, St Helier, Jersey, JE2 3QT.  Plaintiff GN3 SIP Limited is the beneficial owner of $107,154,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

22.     Plaintiff GoldenTree Co-Invest Master Fund II Ltd. is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104. Plaintiff GoldenTree Co-Invest Master Fund II Ltd. is the beneficial owner of $86,341,255 in principal amount across all series of the Notes in which it holds a beneficial interest.

23.     Plaintiff GoldenTree Distressed Master Fund III Ltd is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104.

Plaintiff GoldenTree Distressed Master Fund III Ltd is the beneficial owner of $151,916,200 in principal amount across all series of the Notes in which it holds a beneficial interest.

24.     Plaintiff Goldentree Distressed Onshore Master Fund III LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff Goldentree Distressed Onshore Master Fund III LP is the beneficial owner of $81,728,200 in principal amount across all series of the Notes in which it holds a beneficial interest.

25.     Plaintiff GoldenTree Emerging Markets Master Fund ICAV is a collective asset management vehicle organized and existing under the laws of Ireland with a registered office address at 33 Sir John Rogerson's Quay, Dublin 2, Ireland.  Plaintiff GoldenTree Emerging Markets Master Fund ICAV is the beneficial owner of $13,088,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

26.     Plaintiff GoldenTree Insurance Fund Series Interests of the SALI Multi-Series Fund, L.P. is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff GoldenTree Insurance Fund Series Interests of the SALI Multi-Series Fund, L.P. is the beneficial owner of $20,263,200 in principal amount across all series of the Notes in which it holds a beneficial interest.

27.     Plaintiff GoldenTree Master Fund, Ltd. is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Intertrust Cayman Islands, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands. Plaintiff GoldenTree Master Fund, Ltd. is the beneficial owner of $341,244,513 in principal amount across all series of the Notes in which it holds a beneficial interest.

28.     Plaintiff GoldenTree Multi Sector-C LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff GoldenTree Multi Sector-C LP is the beneficial owner of $3,175,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

29.     Plaintiff GoldenTree NJ Distressed Fund 2015 LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff GoldenTree NJ Distressed Fund 2015 LP is the beneficial owner of $39,604,800 in principal amount across all series of the Notes in which it holds a beneficial interest.

30.     Plaintiff GoldenTree V1 Master Fund, L.P. is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Walkers Corporate Limited, Cayman Corporate Centre, 27 Hospital Road, George Town, Grand Cayman KY1-9008, Cayman Islands.  Plaintiff GoldenTree V1 Master Fund, L.P. is the beneficial owner of $35,495,400 in principal amount across all series of the Notes in which it holds a beneficial interest.

31.     Plaintiff GT Credit Fund LP is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Walkers Corporate Limited, Cayman Corporate Centre, 27 Hospital Road, George Town, Grand Cayman KY1-9008, Cayman Islands.  Plaintiff GT Credit Fund LP is the beneficial owner of $18,209,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

32.     Plaintiff GT G Distressed Fund 2020 LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency

Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff GT G Distressed Fund 2020 LP is the beneficial owner of $29,003,400 in principal amount across all series of the Notes in which it holds a beneficial interest.

33.     Plaintiff GT NM, L.P. is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff GT NM, L.P. is the beneficial owner of $13,513,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

34.     Plaintiff Guadalupe Fund, LP is a limited partnership organized and existing under the laws of the state of Texas with a registered office address at 1200 North Interstate 35, Austin, Texas 78701.  Plaintiff Guadalupe Fund, LP is the beneficial owner of $3,703,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

35.     Plaintiff High Yield And Bank Loan Series Trust is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o State Street Cayman Trust Company, Ltd, P.O. Box 31113, 45 Market Street, Suite 3307, Camana Bay, KY1-1205, Cayman Islands.  Plaintiff High Yield And Bank Loan Series Trust is the beneficial owner of $21,244,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

36.     Plaintiff Kapitalforeningen Industriens Pension Portfolio - Emerging Markets Obligationer I is a pension fund organized and existing under the laws of Denmark with a registered office address at c/o Nykredit Portefolje Administration A/S, Otto Monsteds Plads 9, Copenhagen, Denmark 1563.   Plaintiff Kapitalforeningen Industriens Pension Portfolio -

Emerging Markets Obligationer I is the beneficial owner of $10,889,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

37.     Plaintiff Louisiana State Employees Retirement System is a pension plan organized and existing under the laws of the state of Louisiana with a registered office address at 8404 United Plaza Boulevard, 1st Floor, Baton Rouge, Louisiana 70809.  Plaintiff Louisiana State Employees Retirement System is the beneficial owner of $4,388,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

38.     Plaintiff MA Multi-Sector Opportunistic Fund, LP is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.  Plaintiff MA Multi-Sector Opportunistic Fund, LP is the beneficial owner of $2,931,400 in principal amount across all series of the Notes in which it holds a beneficial interest.

39.     Plaintiff Pinehurst Partners, L.P. is a limited partnership organized and existing under the laws of the state of Delaware with a registered office address at c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Plaintiff Pinehurst Partners, L.P. is the beneficial owner of $13,083,400 in principal amount across all series of the Notes in which it holds a beneficial interest.

40.     Plaintiff San Bernardino County Employees Retirement Association is a public pension plan organized and existing under the laws of the state of California with a registered office address at 348 W. Hospitality Lane, 3rd Floor, San Bernardino, California 92415.  Plaintiff San Bernardino County Employees Retirement Association is the beneficial owner of $31,940,600 in principal amount across all series of the Notes in which it holds a beneficial interest.

41.     Plaintiff Greylock Global Opportunity Master Fund, Ltd. is a limited company organized and existing under the laws of the British Virgin Islands with a registered office address at Bison Court, P.O. Box 3460, Road Town, Tortola, British Virgin Islands.  Plaintiff Greylock Global Opportunity Master Fund, Ltd. is the beneficial owner of $28,397,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

42.     Plaintiff Greylock Global Focus Master Fund, Ltd. is an exempted company organized and existing under the laws of the Cayman Islands with a registered office address at c/o Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.  Plaintiff Greylock Global Focus Master Fund, Ltd. is the beneficial owner of $18,240,000 in principal amount across all series of the Notes in which it holds a beneficial interest.

43.     Plaintiff Beauregarde Holdings LLP is a limited liability partnership organized and existing under the laws of the United Kingdom with a registered office address at Devonshire House, 60 Goswell Road, London, England, EC1M 7AD.  Plaintiff Beauregarde Holdings LLP is the beneficial owner of $106,690,600 in principal amount across all series of the Notes in which it holds a beneficial interest.

44.     Plaintiff Beauregarde Holdings II LLP is a limited liability partnership organized and existing under the laws of United Kingdom with a registered office address at Devonshire House, 60 Goswell Road, London, England, EC1M 7AD.  Plaintiff Beauregarde Holdings II  LLP is the beneficial owner of $91,313,200 in principal amount across all series of the Notes in which it holds a beneficial interest.

45.     Plaintiff Mandrake Holdings, LLC is a limited liability company organized and existing under the laws of Delaware with a registered office address at 251 Little Falls Drive,

Wilmington, Delaware 19808.  Plaintiff Mandrake Holdings, LLC is the beneficial owner of $221,834,045 in principal amount outstanding across all series of the Notes in which it holds a beneficial interest.

46.     Defendant PBA is a political subdivision of the Republic of Argentina, a foreign state as the term is defined in 28 U.S.C. § 1603, and the issuer of the Notes.

## JURISDICTION AND VENUE

47.     This Court has jurisdiction under 28 U.S.C. § 1330 and § 1605 because this is a non-jury action against a foreign state that is not entitled to sovereign immunity.

48.     PBA has irrevocably waived immunity from suit, execution, attachment or other legal process with respect to the Indenture (defined below) and Notes to the fullest extent permitted under the United States Foreign Sovereign Immunities Act of 1976, as amended.  Ex. 1 § 9.7(d); Ex. 1 at Ex. C § 16(d).

49.     PBA also is not entitled to sovereign immunity because this action is based upon a commercial activity PBA carries on in the United States.  28 U.S.C. § 1605(a)(2).

50.     PBA irrevocably agreed to personal jurisdiction in this Court with respect to actions arising out of the Indenture or Notes.  Ex. 1 § 9.7(b); Ex. 1 at Ex. C § 16(b).

51.     Venue is proper in this District by agreement of the parties.  *See* Ex. 1 § 9.7(b); Ex. 1 at Ex. C § 16(b).  Venue is also proper in this District, pursuant to 28 U.S.C. § 1391(f)(1), because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this District.

52.     PBA appointed the Corporation Service Company, with an office at 1133 Avenue of the Americas, Suite 3100, New York, New York 10036[2] as its agent "to receive on behalf of

_____

[2] Corporation Service Company's current address is 80 State Street, Albany, NY 12207.

[PBA] and its property service of any summons and complaint and other process which may be served in any such suit, action or proceeding brought in such New York State or U.S. federal court sitting in New York City in the Borough of Manhattan."  Ex. 1 § 9.7(c).

## FACTUAL ALLEGATIONS

### A.  The Notes and PBA's Default

53.     On or around June 9, 2015, PBA, as issuer, and U.S. Bank National Association, as trustee (the "Trustee"), executed an indenture dated June 9, 2015 (the "Indenture") (**Exhibit 1**), pursuant to which PBA issued the five series of Notes at issue in this case.  The obligations of PBA under and in respect of the Notes are set forth in: (i) the Indenture; (ii) the individual global note certificates executed by PBA and authenticated by the Trustee in respect of the Notes (the "Global Notes") the form of which is set forth in Exhibit A to the Indenture; and (iii) the terms and conditions appended to the Global Notes (the "Terms and Conditions"), the form of which is set forth in Exhibit C to the Indenture.

54.     Plaintiffs are beneficial owners of the Notes as set forth in **Exhibit 2**.  The note issuances are described below:

       a.  The "9.95% 2021 Notes" are U.S. dollar denominated, have an annual rate of interest of 9.95% and mature on June 9, 2021.  The 9.95% 2021 Notes provide for (i) payment of interest on June 9 and December 9 of each year and (ii) payment of principal in two equal installments on June 9, 2020 and June 9, 2021.  Copies of the Global Notes, both Regulation S and Rule 144A, for the 9.95% 2021 Notes are attached hereto as **Exhibit 3** and **Exhibit 4**, respectively.  The Plaintiffs identified in Paragraphs 3, 17-18, 20-40, and 43-45 of this Complaint are beneficial owners of the 9.95% 2021 Notes and shall be the "Count I Plaintiffs."

b.  The "5.375% 2023 Notes" are Euro denominated, have an annual rate of interest of 5.375% and mature on January 20, 2023.  The 5.375% 2023 Notes provide for (i) payment of interest on January 20 of each year and (ii) payment of the entire principal amount at maturity (January 20, 2023).  Copies of the Global Notes for the 5.375% 2023 Notes, both Regulations S and Rule 144A, are attached hereto as **Exhibit 5** and **Exhibit 6**, respectively.  The Plaintiffs identified in Paragraphs 3-10, 12-14, 17-25, 27-35, 37-40, and 43-45 of this Complaint are beneficial owners of the 5.375% 2023 Notes and shall be the "Count II Plaintiffs."

c.  The "6.50% 2023 Notes" are U.S. dollar denominated, have an annual rate of interest of 6.50% and mature on February 15, 2023.  The 6.50% 2023 Notes provide for (i) payment of interest on February 15 and August 15 of each year, and (ii) payment of principal in three installments: 33.33% on February 15, 2021, 33.33% on February 15, 2022 and 33.34% on February 15, 2023.  Copies of the Global Notes for the 6.50% 2023 Notes, both Regulations S and Rule 144A, are attached hereto as **Exhibit 7** and **Exhibit 8**, respectively. The Plaintiffs identified in Paragraphs 3, 5-6, 15-18, and 21-45 of this Complaint are beneficial owners of the 6.50% 2023 Notes and shall be the "Count III Plaintiffs."

d.  The "9.125% 2024 Notes" are U.S. dollar denominated, have an annual rate of interest of 9.125% and mature on March 16, 2024.  The 9.125% 2024 Notes provide for (i) payment of interest on March 16 and September 16 of each year and (ii) payment of principal in three installments: 33.33% on March 16, 2022, 33.33% on March 16, 2023, and 33.33% on March 16, 2024.  Copies of the Global Notes for the 9.125% 2024 Notes, both Regulations S and Rule 144A, are attached hereto as

**Exhibit 9** through **Exhibit 12**.  The Plaintiffs identified in Paragraphs 3, 12, 14-15, and 17-45 of this Complaint are beneficial owners of the 9.125% 2024 Notes and shall be the "Count IV Plaintiffs."

e.  The "7.875% 2027 Notes" are U.S. dollar denominated, have an annual rate of interest of 7.875% and mature on June 15, 2027.  The 7.875% 2027 Notes provide for (i) payment of interest on June 15 and December 15 of each year and (ii) payment of principal in three installments: 33.33% on June 15, 2025, 33.33% on June 15, 2026, and 33.33% on June 15, 2027.  Copies of the Global Notes, including Regulations S and Rule 144A, for the 7.875% 2027 Notes are attached hereto as **Exhibit 13** and **Exhibit 14**, respectively.  The Plaintiffs identified in Paragraphs 3, 9, 11, 14-18, and 20-45 of this Complaint are beneficial owners of the 7.875% 2027 Notes and shall be the "Count V Plaintiffs."

55.    Pursuant to Section 4.1(a) of the Indenture and Sections 5(i)-(ii) of the Terms and Conditions of each series of Notes, each of the following constitute an Event of Default in respect of each series of the Notes: (i) PBA "fails to pay any principal due on any [Notes] when due and payable for 10 days after the applicable Payment Date," and (ii) PBA "fails to pay any interest or Additional Amounts due on any [Notes] when due and payable for 30 days after the applicable Payment Date[.]"

56.    PBA has not made any payments of principal or interest that came due on the Notes on and after June 9, 2020.  As of the date of this Complaint, the aggregate unpaid interest on the Notes due and owing to Plaintiffs is approximately $123.4 million,[3] and the aggregate unpaid principal on the Notes due and owing to Plaintiffs is approximately $212.8 million.

---

[3] On March 16, 2021, PBA also failed to make interest payments due on the 9.125% 2024 Notes.

57.     PBA's failure to pay the principal and interest amounts due and owing on each series of the Notes is continuing, in each case for greater than 30 days, and therefore constitutes an Event of Default under each series of the Notes and the Indenture.  Pursuant to the Indenture, interest on each series of the Notes continues to accrue at the applicable contract rate until the amount due on such series of Notes is paid-in-full.

58.     Section 4.7 of the Indenture provides that "each Holder of [Notes] shall have the right, which is absolute and unconditional, to receive payment of the principal of and interest on (including Additional Amounts) its [Notes] on the Stated Maturity Date for such payment expressed in such [Notes]…and to institute suit for the enforcement of any such payment on or after the Stated Maturity Date, and such right shall not be impaired without the consent of such Holder."

59.     "Holder" is defined in the Indenture as "the Person in whose name a [Note] is registered in the Register."

60.     As provided in the Indenture, each series of Notes is represented by one or more global note certificates, i.e., the Global Notes, which are attached hereto as Exhibit 3 through Exhibit 14, that have been deposited with a common depositary for Euroclear Bank SA/NV ("Euroclear Bank"), as operator of the Euroclear System ("Euroclear") and Clearstream Banking SA ("Clearstream, Luxembourg").

61.     The Global Notes are registered in the name of USB Nominees (UK) Limited ("USB Nominees") as nominee of Elavon Financial Services DAC ("Elavon"), a common depository for Euroclear Bank, as operator of Euroclear and Clearstream, Luxembourg. Accordingly, USB Nominees is the registered holder (i.e., the "Holder") of each Global Note.  *See* Ex. 3-14.  Financial institutions that are participants in Euroclear and Clearstream, Luxembourg

18

（each, a "<u>Participant</u>"）hold interests in the Global Notes either for their own account or for the

account of customers for whom they act as custodian.  The records of Euroclear and Clearstream,

Luxembourg establish the entitlement of each Participant to its share of payments made from time

to time by PBA to the Holder under the terms of the Global Notes.  In turn, the records of the

Participants establish the entitlement of their respective customers to individual shares of such

payments.

62.     The Plaintiffs acquired beneficial interests in the Global Notes either at the time of

original issue of the Notes or in the secondary market.  They hold beneficial interests in the Global

Notes through a custodial chain leading back through their respective Participants and Euroclear

and Clearstream, Luxembourg to the Holder.   None of the corporate entities or financial

institutions that serve as the links in this custodial chain have a financial or economic interest in

the Notes, other than the Plaintiffs.

**B.  The Registered Holder's Failure to Cooperate with Plaintiffs' Enforcement Efforts**

63.     As the owners of beneficial interests, the Plaintiffs are ultimately entitled, through

the custodial chain, to receive all of the principal and interest due on their individual shares of the

Global Notes.  USB Nominees, as Holder, has no economic interest in the amounts due under the

Global Notes, and receives no financial benefit from pursuing an action if those amounts are not

paid.  USB Nominees's only purpose is to retain custody of the certificates representing the Global

Notes and to pass on payments received from PBA in respect of the Global Notes, in each case in

accordance with its contractual arrangement with Elavon, Euroclear and Clearstream, Luxembourg

and for the ultimate benefit of the owners of beneficial interests in the Notes, such as Plaintiffs.

64.     Although the Indenture generally grants enforcement rights to the Holder, including

rights under Section 4.7, the Indenture also contemplates that the beneficial owners retain the

ability to enforce certain rights.  While the Indenture provides that "Participants shall have no

rights under this Indenture with respect to any Global Security held on their behalf[,]" it also acknowledges that beneficial holders have the ability to exercise rights in respect of the Notes: "[n]othing herein shall prevent the Province, the Trustee or any agent of the Province or the Trustee from giving effect to any written certification, proxy or other authorization furnished by the Depositary or impair, as between the Depositary and its Participants, the operation of customary practices of the Depositary governing *the exercise of the rights of a holder of a beneficial interest* in any Global Security." Ex. 1 § 6.3 (emphasis supplied).

65.     Upon PBA's payment default on the Notes, Plaintiffs approached Elavon, which nominated and controls USB Nominees, to obtain written authorization from USB Nominees for the Plaintiffs to sue PBA under Section 4.7 of the Indenture.  Although the delivery of such authorization is expressly contemplated by Section 6.1 of the Indenture, after months of discussions, Elavon (following consultation with Euroclear and Clearstream, Luxembourg, for whom it acts as common depositary) refused to cooperate in causing USB Nominees to furnish the requested authorization, or any other proxy or certification in favor of Plaintiffs.

66.     The stated basis for Elavon's refusal to provide the Plaintiffs with such authorization is that the provision of such authorization as contemplated by the Indenture is not a service that Euroclear or Clearstream, Luxembourg provide to their Participants (or through them, to the beneficial owners of Notes).

67.     Elavon also advised Plaintiffs that USB Nominees would not commence a lawsuit against PBA with respect to the Notes, even if instructed to do so by each beneficial owner directly or via electronic instructions communicated through the clearing systems, on the basis that USB Nominees is not properly equipped to initiate a lawsuit against PBA.  Thus, although Plaintiffs are

the only parties with any financial interest in the claims alleged in this lawsuit, the Holder is refusing to participate and Euroclear and Clearstream, Luxembourg are refusing to cooperate.

68.     The refusal of USB Nominees as Holder either (i) to provide Plaintiffs with authorization to pursue, as beneficial owners, the rights that the Holder is entitled to pursue under Section 4.7 of the Indenture or (ii) to initiate legal proceedings itself as the Holder of the Notes under Section 4.7, would leave beneficial owners of the Notes with over $5.1 billion of principal outstanding, including Plaintiffs which hold approximately $1.9 billion of the principal outstanding on the Notes without the ability to recover defaulted payments on their Notes, effectively rendering unenforceable Section 4.7 of the Indenture.  Such an outcome would not only be commercially unreasonable, but would also deprive Plaintiffs of a fundamental right under the Indenture and an essential element of their bargain.

69.     Plaintiffs are the proper parties to pursue these claims against PBA.

70.     All other conditions precedent to Plaintiffs' recovery with respect to past due interest payments have occurred, have been performed, or have been waived.

## COUNT I
### (Breach of Contract: 9.95% 2021 Notes)

71.     The Count I Plaintiffs incorporate the allegations contained in paragraphs 1 through 70 as if fully set forth herein.

72.     PBA is party to the Indenture and 9.95% 2021 Notes in which the Count I Plaintiffs hold beneficial interests.

73.     PBA breached the Indenture and 9.95% 2021 Notes by failing to make the interest payments due on June 9, 2020 and December 9, 2020.  As more than 30 days have passed since such interest payments became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 9.95% 2021 Notes.

74.     PBA also breached the Indenture and 9.95% 2021 Notes by failing to make the principal payment due on June 9, 2020.  As more than 10 days have passed since these principal amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 9.95% 2021 Notes.

75.     As a result of PBA's breach, the Count I Plaintiffs have suffered damages in the aggregate amount of approximately $165,943,179 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

## COUNT II
### (Breach of Contract: 5.375% 2023 Notes)

76.     The Count II Plaintiffs incorporate the allegations contained in paragraphs 1 through 70 as if fully set forth herein.

77.     PBA is party to the Indenture and 5.375% 2023 Notes in which the Count II Plaintiffs hold beneficial interests.

78.     PBA breached the Indenture and 5.375% 2023 Notes by failing to make the interest payment due on January 20, 2021.  As more than 30 days have passed since these amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 5.375% 2023 Notes.

79.     As a result of PBA's breach, the Count II Plaintiffs have suffered damages in the aggregate amount of approximately $15,163,434 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

## COUNT III
### (Breach of Contract: 6.50% 2023 Notes)

80.     The Count III Plaintiffs incorporate the allegations contained in paragraphs 1 through 70 as if fully set forth herein.

81.     PBA is party to the Indenture and 6.50% 2023 Notes in which the Count III Plaintiffs hold beneficial interests.

82.     PBA breached the Indenture and 6.50% 2023 Notes by failing to make the interest payments due on August 15, 2020 and February 15, 2021.  As more than 30 days have passed since these interest amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 6.50% 2023 Notes.

83.     PBA also breached the Indenture and 6.50% 2023 Notes by failing to make the principal payment due on February 15, 2021.  As more than 10 days have passed since these principal amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 6.50% 2023 Notes.

84.     As a result of PBA's breach, the Count III Plaintiffs have suffered damages in the aggregate amount of approximately $81,805,318 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

## COUNT IV
### (Breach of Contract: 9.125% 2024 Notes)

85.     The Count IV Plaintiffs incorporate the allegations contained in paragraphs 1 through 70 as if fully set forth herein.

86.     PBA is party to the Indenture and 9.125% 2024 Notes in which the Count IV Plaintiffs hold beneficial interests.

87.     PBA breached the Indenture and 9.125% 2024 Notes by failing to make the interest payment due on September 16, 2020.  As more than 30 days have passed since these amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 9.125% 2024 Notes.

88.     As a result of PBA's breach, the Count IV Plaintiffs have suffered damages in the aggregate amount of approximately $22,280,695 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

**COUNT V**
**(Breach of Contract: 7.875% 2027 Notes)**

89.     The Count V Plaintiffs incorporate the allegations contained in paragraphs 1 through 70 as if fully set forth herein.

90.     PBA is party to the Indenture and 7.875% 2027 Notes in which the Count V Plaintiffs hold beneficial interests.

91.     PBA breached the Indenture and 7.875% 2027 Notes by failing to make the interest payments due on June 15, 2020 and December 15, 2020.  As more than 30 days have passed since these amounts became due and payable, and PBA has not yet paid such amounts, an Event of Default has occurred under the terms of the 7.875% 2027 Notes.

92.     As a result of PBA's breach, the Count V Plaintiffs have suffered damages in the aggregate amount of approximately $51,089,692 as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against PBA on Counts I through V as follows:

      a.      for judgments in favor of each Plaintiff against PBA in the amounts set forth on Exhibit 2, in the aggregate amount of approximately $336 million as of the date of this Complaint, plus the interest and principal amounts that come due and are not paid after the date of this Complaint, plus pre-judgment and post-judgment interest;

      b.      all costs, fees, including attorneys' fees, and other expenses; and

      c.      such other and further relief as is appropriate.


Dated:      March 23, 2021
             New York, New York           WHITE & CASE LLP

                                       *s/ Glenn M. Kurtz*
                                         Glenn M. Kurtz
                                         1221 Avenue of the Americas
                                         New York, NY 10020
                                         Telephone: 212-819-8200
                                         gkurtz@whitecase.com

                                         *Attorneys for Plaintiffs*