# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA

BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON

MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
NEIL R. MARKEL
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 (212) 225 2508
cboccuzzi@cgsh.com

June 7, 2021

**BY ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court for
  the Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Amia Capital Macro Master Fund Ltd., et al., v. Province of Buenos Aires*, 21-cv-2492

Dear Judge Ramos:

This firm represents the Province of Buenos Aires (the "Province") in the above-referenced case.  We write pursuant to Rule 2(A)(ii) of the Court's Individual Practices to request a pre-motion conference regarding a proposed motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs are 43 funds that claim to hold interests in various series of Debt Securities issued by the Province under an Indenture dated June 9, 2015 (the "Indenture").[1]  The Debt Securities provide for payment of interest semi-annually and payment of principal in one or more installments, with maturity dates between June 9, 2021 and June 15, 2027.  In light of a severe economic crisis exacerbated by the COVID-19 pandemic, the Province has made a proposal to plaintiffs, among others, regarding a potential restructuring of its debt (the "Invitation").[2]  Since the Debt Securities are within the scope of the Invitation, the proposed restructuring, in the form

---

[1] Unless otherwise noted, capitalized terms are defined in the Indenture, Compl. Ex. 1, and/or in the Debt Securities, Compl. Exs. 3-14.

[2] *The Province of Buenos Aires – Continued Engagement with Bondholders*, PR NEWSWIRE (June 7, 2021), https://www.prnewswire.com/news-releases/the-province-of-buenos-aires---continued-engagement-with-bondholders-301306800.html.

Hon. Edgardo Ramos, p. 2

initially proposed by the Province or as it may be amended as a result of negotiations between the Province and its creditors, would lead to resolution of this matter.

In this action, plaintiffs seek aggregate damages of approximately $336 million plus any unpaid interest and principal amounts that come due after the filing of the Complaint and pre- and post-judgment interest. However, plaintiffs lack standing to bring any of their claims pursuant to the contractual terms and accordingly the Complaint should be dismissed.

The contractual "no-action clause" provides that "any suit, action, or proceeding in equity or at law upon or under or with respect to this Indenture or of the Debt Securities, or for any other remedy" cannot be brought *unless* (i) the Holder has given the Trustee written notice of default and the continuance thereof; (ii) Holders of not less than 25% aggregate outstanding principal amount have made a specific written request of the Trustee to bring suit in its own name and have provided an indemnity to the Trustee; and (iii) the Trustee has failed to initiate suit for 60 days after the receipt of such notice, request, and provision of indemnity. *See, e.g.,* Section 11, Terms and Conditions, Reg. S Global Sec., 9.95% Notes due 2021, ISIN XS1244682487 (Compl. Ex. 3);[3] Section 4.6, Indenture (Compl. Ex. 1). Plaintiffs do not claim to have met these requirements.

In their Complaint, plaintiffs purport to bring their claims under the exception to the no-action clause in Indenture Section 4.7. *See* Compl. ¶¶ 58, 64-65, 68. Section 4.7 provides that "each Holder of Debt Securities" may "institute suit" for "payment of the principal of and interest on" the Debt Securities "on or after the Stated Maturity Date." Section 4.7, Indenture (Compl. Ex. 1). But plaintiffs may not invoke this exception to the no-action clause because it applies only to a suit brought by a "Holder." Section 4.7, Indenture (Compl. Ex. 1); *accord* Compl. ¶ 64 ("[T]he Indenture generally grants enforcement rights to the Holder, including rights under Section 4.7."); *see* Order, *Oaktree Capital Mgmt., LLC v. APP Int'l Fin. Co.*, Index No. 603315/2002 (Sup. Ct. N.Y. Cty. Feb. 4, 2003), Mot. Seq. No. 1 (dismissing claims by entities that "manage the investment of funds and accounts that hold the notes" for lack of standing because they are not the Holders and cannot be effectively authorized to bring suit). The "Holder" is "the Person in whose name a Debt Security is registered in the Register." Section 1.1, Indenture (Compl. Ex. 1).

Plaintiffs concede that they are not the Holder. Compl. ¶ 63 (plaintiffs describing themselves as "owners of beneficial interests" and identifying USB Nominees as the Holder). They try to avoid this defect in their claim by citing the Indenture's statement that nothing in the contract prevents the Province or the Trustee from giving effect to any authorization furnished by

---

[3] The provision of Reg. S Global Sec., 9.95% Notes due 2021, ISIN XS1244682487 (Compl. Ex. 3) cited in this letter appear identically in the remaining series of Debt Securities at issue, *i.e.*, Section 11, 9.95% Notes due 2021, ISIN XS1244682057 (Compl. Ex. 4); Section 11, 5.375% Notes due 2023, ISIN XS1649634034 (Compl. Ex. 5); Section 11, 5.375% Notes due 2023, ISIN XS1649634380 (Compl. Ex. 6); 6.50% Notes due 2023, ISIN XS1566193295 (Compl. Ex. 7); Section 11, 6.50% Notes due 2023, ISIN XS1566193378 (Compl. Ex. 8); Section 11, 9.125% Notes due 2024, ISIN XS1380274735 (Compl. Ex. 9); Section 11, 9.125% Notes due 2024, ISIN XS1380274735 (Compl. Ex. 10); Section 11, 9.125% Notes due 2024, ISIN XS1380327368 (Compl. Ex. 11); Section 11, 9.125% Notes due 2024, ISIN XS1380327368 (Compl. Ex. 12); Section 11, 7.875% Notes due 2027, ISIN XS1433314314 (Compl. Ex. 13); and Section 11, 7.875% Notes due 2027, ISIN XS1433314587 (Compl. Ex. 14).

Hon. Edgardo Ramos, p. 3

the Depository or impairs the Depository's customary practices.  Compl. ¶ 64 (citing Section 6.3, Indenture).  But this does not help plaintiffs, who themselves concede that they have not received any such authorization.  Compl. ¶ 65; *see Fontana v. Republic of Argentina*, 415 F.3d 238, 242 (2d Cir. 2005) (remanding for consideration of whether plaintiffs were "adequately authorized" by the Holder to bring suit); *cf. Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005) (suit appropriately not dismissed given that plaintiff obtained "permission to sue from the registered holder").  Plaintiffs assert that it would be "commercially unreasonable" if they could not bring suit, even though they are not the Holder and have not been duly authorized.  Compl. ¶ 68.  Far from unreasonable, this is the result required by the plain contractual text.

For these reasons, the Province respectfully requests a pre-motion conference in connection with its proposed motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully,

Carmine D. Boccuzzi, Jr.

cc:     Counsel of Record (via ECF)