UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMIA CAPITAL MACRO MASTER FUND LIMITED, et al.,

                     Plaintiffs,

      v.

THE PROVINCE OF BUENOS AIRES,

                    Defendant.

21-cv-2492 (ER)

**MEMORANDUM OF LAW OF THE PROVINCE OF BUENOS AIRES IN SUPPORT OF MOTION TO DISMISS NOTEHOLDER PLAINTIFFS' BREACH OF CONTRACT CLAIMS (COUNTS I-V) AND ALL PLAINTIFFS' CLAIMS FOR UNJUST ENRICHMENT/QUANTUM MERUIT (COUNT VI)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Carmine D. Boccuzzi, Jr.
Rathna J. Ramamurthi
One Liberty Plaza
New York, New York 10006
(212) 225-2000

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ............................................................................................................... 2

ARGUMENT .................................................................................................................... 4

POINT I: THE NOTEHOLDER PLAINTIFFS LACK STANDING TO BRING
COUNTS I-V ...........................................................................................................……..4

POINT II: THE UNJUST ENRICHMENT/QUANTUM MERUIT CLAIM
SHOULD BE DISMISSED ............................................................................................. 7

CONCLUSION................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Rules and Statutes**

Federal Rule of Civil Procedure 12(b)(6) ............................................................ 1

**Cases**

*Amia Capital Macro Master Fund Ltd., et al., v. Province of Buenos Aires*,
No. 21-cv-2488 ...................................................................................................... 3

*Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*,
415 F.3d 242 (2d Cir. 2005)................................................................................... 6

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*,
No. 04 Civ. 10014 (PKL), 2005 WL 751914 (S.D.N.Y. Mar. 31, 2005) ........... 5

*Corsello v. Verizon N.Y., Inc.*,
18 N.Y.3d 777 (2012) ........................................................................................... 7

*Fontana v. Republic of Argentina*,
415 F.3d 238 (2d Cir. 2005)................................................................................... 6

*Goldman v. Metropolitan Life Ins. Co.*,
5 N.Y.3d 561 (2005) ............................................................................................. 7

*In re Columbia Tuition Refund Action*,
No. 20-CV-3208 (JMF), 2021 WL 790638 (S.D.N.Y. Feb. 26, 2021)................ 8

*ISS Action, Inc. v. Tutor Perini Corp.*,
170 A.D.3d 686 (2nd Dep't 2019) ........................................................................ 7

*Kassin Sabbagh Realty, LLC v. Pendroff*,
171 A.D.3d 525 (1st Dep't 2019) ......................................................................... 7

*MBIA Ins. Corp. v. Spiegel Holdings, Inc.*,
No. 03 CV 10097 (GEL), 2004 WL 1944452 (S.D.N.Y. Aug. 31, 2004)........... 5

*Oaktree Capital Mgmt., LLC v. APP Int'l Fin. Co.*,
Index No. 603315/2002 (Sup. Ct. N.Y. Cnty. Feb. 4, 2003) ............................... 5

*Shetel Indus. LLC v. Adin Dental Implant Sys., Inc.*,
493 F. Supp. 3d 64 (E.D.N.Y. 2020) ................................................................. 7

*United States for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*,
758 F. App'x 97 (2d Cir. 2018) ......................................................................... 7

**Other Authorities**

Cision PR Newswire (Apr. 25, 2020, 12:23am) ................................................. 2

Cision PR Newswire (July 21, 2021, 6:41am) .................................................. 3

Cision PR Newswire (August 6, 2021, 7:52pm) ............................................... 3

United Nations News (Mar. 9, 2020) ................................................................ 2

Defendant the Province of Buenos Aires (the "Province") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss in the above-captioned case (i) the breach of contract claims of the Noteholder Plaintiffs (Counts I-V) and (ii) all Plaintiffs' claim for unjust enrichment/quantum meruit (Count VI).

## PRELIMINARY STATEMENT

The Amended Complaint in this action asserts six claims on defaulted Province-issued bonds (the "Debt Securities"), brought by certain purported owners of beneficial interests in the Debt Securities (the "Noteholder Plaintiffs") and the Trustee (together, "Plaintiffs"). The Court should dismiss the breach of contract claims of the Noteholder Plaintiffs (Counts I-V) and all Plaintiffs' claim for unjust enrichment/quantum meruit (Count VI):

*First*, the Indenture governing these Debt Securities vests the right to bring suit in the Trustee or, in certain limited circumstances, in the registered Holder of the Debt Securities. Indeed, the initial Complaint in this action was defective in purporting to assert claims on behalf of the Noteholder Plaintiffs, and was amended, following the Province's pre-motion letter raising this deficiency, to include as plaintiff the Trustee. Inexplicably, the Noteholder Plaintiffs still purport to assert Counts I-V, notwithstanding that they are not the registered Holder (the other entity authorized by the Indenture to bring claims on the Debt Securities), and by their own admission they have not been duly authorized by the registered Holder to take action. Accordingly, the Noteholder Plaintiffs lack standing in this suit, and their purported claims in Counts I-V should be dismissed.

*Second*, black letter New York law—which governs this dispute—requires dismissal of the claim for unjust enrichment/quantum meruit (Count VI). Where, as here, an enforceable

contract governs the parties' dispute—and plaintiffs assert claims for breach of that contract—claims in quasi-contract (like unjust enrichment/quantum meruit) fail as a matter of law.

The breach of contract claims of the Noteholder Plaintiffs (Counts I-V) and all Plaintiffs' claim for unjust enrichment/quantum meruit (Count VI) should therefore be dismissed.

## BACKGROUND

Plaintiffs are 43 funds that claim to hold interests in various series of Debt Securities issued by the Province under an Indenture dated June 9, 2015 (the "Indenture"), along with plaintiff U.S. Bank, the Trustee.  Am. Compl. ¶¶ 3-45, 53-54 (July 2, 2021), ECF No. 16 ("Am. Compl.").[1]  The Debt Securities provide for payment of interest semi-annually and payment of principal in one or more installments, with maturity dates between June 9, 2021 and June 15, 2027.  Am. Compl. ¶ 54 (citing the Debt Securities (Am. Compl. Exs. 3-14)).

### A. The Province's Debt Restructuring Efforts

In the midst of a severe economic crisis exacerbated by the COVID-19 pandemic,[2] the Province made a proposal to bondholders—including the Noteholder Plaintiffs— regarding a potential restructuring of its debt (the "Invitation").  *See* The Province of Buenos Aires Announces Commencement of Invitation to Exchange, CISION PR NEWSWIRE (Apr. 25, 2020,

---

[1] Unless otherwise noted, capitalized terms are defined in the Indenture (Am. Compl. Ex. 1).  The cited provisions of Reg. S Global Sec., 9.95% Notes due 2021, ISIN XS1244682487 (Am. Compl. Ex. 3) appear identically in the remaining series of Debt Securities at issue, *i.e.*, 9.95% Notes due 2021, ISIN XS1244682057 (Am. Compl. Ex. 4); 5.375% Notes due 2023, ISIN XS1649634034 (Am. Compl. Ex. 5); 5.375% Notes due 2023, ISIN XS1649634380 (Am. Compl. Ex. 6); 6.50% Notes due 2023, ISIN XS1566193295 (Am. Compl. Ex. 7); 6.50% Notes due 2023, ISIN XS1566193378 (Am. Compl. Ex. 8); 9.125% Notes due 2024, ISIN XS1380274735 (Am. Compl. Ex. 9); 9.125% Notes due 2024, ISIN XS1380274735 (Am. Compl. Ex. 10); 9.125% Notes due 2024, ISIN XS1380327368 (Am. Compl. Ex. 11); 9.125% Notes due 2024, ISIN XS1380327368 (Am. Compl. Ex. 12); 7.875% Notes due 2027, ISIN XS1433314314 (Am. Compl. Ex. 13); and 7.875% Notes due 2027, ISIN XS1433314587 (Am. Compl. Ex. 14).

[2] *Coronavirus update: COVID-19 likely to cost economy $1 trillion during 2020, says UN trade agency*, UNITED NATIONS NEWS (Mar. 9, 2020), https://news.un.org/en/story/2020/03/1059011 ("Argentina in particular 'will be struggling as a consequence of the knock-on effects of this crisis.'").

12:23am), https://www.prnewswire.com/news-releases/the-province-of-buenos-aires-announces-commencement-of-invitation-to-exchange-301047196.html.  Since the Debt Securities at issue in this case are within the scope of the Invitation, the proposed restructuring, in the form initially proposed by the Province, or as it may be amended as a result of continued dialogue between the Province and its creditors, would lead to the resolution of this matter.

Following negotiations, on July 20, 2021 the Province reached an agreement on the terms of a debt restructuring with certain creditors, including the largest holder of eligible bond interests (GoldenTree, a plaintiff in this case).  *See* The Province of Buenos Aires – Agreement with Certain Bondholders, CISION PR NEWSWIRE (July 21, 2021, 6:41am), https://www.prnewswire.com/news-releases/the-province-of-buenos-aires--agreement-with-certain-bondholders-301338433.html.  The terms of such agreement, and certain additional adjustments requested by other institutional investors that have communicated to the Province and its advisors their decision to participate in the Province's Invitation (subject to those adjustments), were reflected in a revised Invitation Memorandum dated August 6, 2021.  *See* The Province of Buenos Aires Announces Amendment to Invitation to Exchange, CISION PR NEWSWIRE (Aug. 6, 2021, 7:52pm), https://www.prnewswire.com/news-releases/the-province-of-buenos-aires-announces-amendment-to-invitation-to-exchange-301350612.html.  The Invitation, as revised, is open to all of the Province's creditors.

## B.  The Instant Case

On March 23, 2021, the Noteholder Plaintiffs filed a Complaint seeking approximately $336 million plus any unpaid interest and principal amounts that come due after the filing of the

Complaint and pre- and post-judgment interest.  Compl. at 25 (Mar. 23, 2021), ECF No. 1.[3]  The Province filed a letter seeking a pre-motion conference in connection with a proposed motion to dismiss the Complaint for lack of standing, in light of the Noteholder Plaintiffs' concession that they had failed to obtain authorization from the registered Holder of the Debt Securities to bring suit (as required by the terms of the contract).  Letter (June 7, 2021), ECF No. 13.  The Court granted the Province's request and convened a pre-motion conference on July 2, 2021.  Order (June 10, 2021), ECF No. 14.

Shortly before the conference, the Amended Complaint was filed, in which the Noteholder Plaintiffs sought approximately $543.6 million plus any unpaid interest and principal amounts that come due after the filing of the Amended Complaint and pre- and post-judgment interest.  Am. Compl. at 30-31.  In addition, the Trustee U.S. Bank was listed as a plaintiff in the Amended Complaint, seeking approximately $1.638 billion.  *Id.* at 31.  The Amended Complaint, unlike the original Complaint, included with the breach of contract claims (Counts I-V) a tacked-on claim for unjust enrichment/quantum meruit (Count VI).

Following the conference, the parties stipulated, and the Court ordered, that the Province would "answer, move against or otherwise respond to the Amended Complaint on or before August 6, 2021."  Stipulation and Order at 1 (July 12, 2021), ECF No. 20.

## ARGUMENT

## POINT I

## THE NOTEHOLDER PLAINTIFFS LACK STANDING TO BRING COUNTS I-V

The Indenture contemplates that suits for enforcement could potentially be brought by two parties—the Trustee and the Holder.  As set forth in the Debt Securities and the Indenture,

---

[3] On the same day, an overlapping set of plaintiffs filed related case *Amia Capital Macro Master Fund Ltd., et al., v. Province of Buenos Aires*, No. 21-cv-2488.

the Trustee is U.S. Bank, which has now been added as a plaintiff in this action.  Terms and

Conditions § 1, Reg. S Global Sec., 9.95% Notes due 2021, ISIN XS1244682487 (Am. Compl.

Ex. 3); Indenture § 1.1 (Am. Compl. Ex. 1); Am. Compl. ¶ 45.  The Trustee may bring suit "in

its discretion" and "in its own name" for "the ratable benefit of the Holders of the Debt

Securities."  Indenture §§ 4.4, 4.2(c)-(d) (Am. Compl. Ex. 1); *accord* Am. Compl. ¶¶ 71-74.

Since the Trustee is understood to "represent all the Holders," it is not "necessary to make any

such Holders parties to any such proceedings."  Indenture § 4.2(e); *accord* Am. Compl. ¶ 77.

Suits by the Holder—defined in the Debt Securities as USB Nominees (UK) Ltd., *see* Reg. S

Global Sec. at 2, 9.95% Notes due 2021, ISIN XS1244682487 (Am. Compl. Ex. 3)—are only

permitted in certain narrow circumstances, *i.e.*, where the Trustee declines to bring suit or where

the Debt Securities have reached their stated maturity date.  *See* Indenture §§ 4.6, 4.7 (Am.

Compl. Ex. 1).

      None of these provisions confers standing on the Noteholder Plaintiffs, since they are

admittedly neither the Trustee nor the Holder.  *See* Am. Compl. ¶¶ 45, 65 (Noteholder Plaintiffs

describing themselves as "owners of beneficial interests" and identifying U.S. Bank as the

Trustee and USB Nominees as the Holder); *see* Order, *Oaktree Capital Mgmt., LLC v. APP Int'l

Fin. Co.*, Index No. 603315/2002 (Sup. Ct. N.Y. Cnty. Feb. 4, 2003), Mot. Seq. No. 1

(dismissing claims by entities that "manage the investments of funds and accounts that hold the

Notes" for lack of standing because they are not the Holder).  Nor does the Indenture otherwise

provide the Noteholder Plaintiffs with a "clear grant of authority" to bring suit, as would be

required.  *See MBIA Ins. Corp. v. Spiegel Holdings, Inc.*, No. 03 CV 10097 (GEL), 2004 WL

1944452, at *4 (S.D.N.Y. Aug. 31, 2004) (Insurer lacked standing where the contract "list[ed] in

excruciating detail all of the rights and duties of the various parties, including the Insurer, the

Issuer, the Servicer, and the Indenture Trustee, who, as is typical in such transactions, is granted

broad-ranging powers to act on behalf of and for the benefit of the Noteholders," making the

"absence" of a provision conferring standing on Insurer "particularly noteworthy."); *see also*

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, No. 04 Civ. 10014 (PKL), 2005 WL

751914, at *4 (S.D.N.Y. Mar. 31, 2005) (in light of trustee structure, owners of beneficial

interests required to move to intervene rather than proceeding as co-plaintiffs).

Under the Indenture, the only way that purported owners of beneficial interests such as

the Noteholder Plaintiffs could bring suit would be if they were authorized to do so in writing by

the Holder (and the other requirements for suit by a Holder were satisfied).  *See* Indenture § 6.3

("[N]othing herein shall prevent the Province, the Trustee or any agent of the Province or the

Trustee from giving effect to any written certification, proxy or other authorization furnished by

the Depositary."); *see, e.g.*, Reg. S Global Sec. at 2, 9.95% Notes due 2021, ISIN

XS1244682487 (Depositary is Holder) (Am. Compl. Ex. 3).  But this does not help the

Noteholder Plaintiffs, who concede that they have not received any such authorization.  Am.

Compl. ¶¶ 67, 70 (describing the "refusal of USB Nominees as Holder . . . to provide [the]

Noteholder Plaintiffs with authorization to pursue, as beneficial owners, the rights that the

Holder is entitled to pursue under Section 4.7 of the Indenture"); *see Fontana v. Republic of*

*Argentina*, 415 F.3d 238, 242 (2d Cir. 2005) (remanding for consideration of whether plaintiffs

were "adequately authorized" by the Holder to bring suit); *cf. Applestein TTEE FBO D.C.A. v.*

*Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005) (suit appropriately not dismissed

given that plaintiff "obtained permission to sue from the registered holder").[4]

---

[4] The Noteholder Plaintiffs assert that the Holder's refusal to authorize them to bring suit or to bring suit itself leaves them unable to recover, calling this a "commercially unreasonable" result.  Am. Compl. ¶ 70. Far from unreasonable, this is the result required by the plain contractual text—the Trustee may sue for "the ratable benefit of the Holders," Indenture § 4.2(d) (Am. Compl. Ex. 1), but the Noteholder Plaintiffs

Accordingly, the breach of contract claims of the Noteholder Plaintiffs (Counts I-V) should be dismissed for lack of standing.

## POINT II

## THE UNJUST ENRICHMENT/QUANTUM MERUIT CLAIM SHOULD BE DISMISSED

Count VI of the Amended Complaint asserts a claim "in the alternative. . . for unjust enrichment/quantum meruit."  Am. Compl. ¶ 110.  But it is black letter New York law that such quasi-contract claims are not "catchall cause[s] of action to be used when others fail," and are "not available where [they] simply duplicate[], or replace[], a conventional contract or tort claim."  *See, e.g.*, *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012); *United States for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (Plaintiff "cannot plead an unjust enrichment claim in the alternative to its breach of contract claims" where "the Complaint makes clear that the unjust enrichment claim is simply duplicative of . . . [the] breach of contract claims").

 "As explained by the New York Court of Appeals: '[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.'"  *Shetel Indus. LLC v. Adin Dental Implant Sys., Inc.*, 493 F. Supp. 3d 64, 112-13 (E.D.N.Y. 2020) (citing *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388-89 (1987)).  Quasi-contract claims can only be asserted absent an actual contract between the parties.  *See, e.g.*, *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005) ("Given that the disputed terms and conditions fall entirely within the insurance contract, there is no valid claim for unjust enrichment."); *ISS Action, Inc. v. Tutor Perini Corp.*, 170 A.D.3d 686, 690 (2nd Dep't 2019) ("'[A] party may not recover in

---

lack standing to sue.  The Noteholder Plaintiffs are not being "depriv[ed]" of "an essential element of their bargain."  Am. Compl. ¶ 70.  To the contrary, they are being held to the bargain they made.

quantum meruit or unjust enrichment where the parties have entered into a contract that governs the subject matter'") (citation omitted).

Here, Plaintiffs do not dispute—and in fact expressly assert—the existence of a valid written contract governing the subject matter at issue.  *E.g.*, Am. Compl. ¶¶ 53, 58 (asserting that the Indenture and other bond documents control and claiming the Province breached the terms of those documents); *Kassin Sabbagh Realty, LLC v. Pendroff*, 171 A.D.3d 525, 526 (1st Dep't 2019) ("The causes of action for quantum meruit and unjust enrichment were correctly dismissed because, according to plaintiff, there was an actual agreement between the parties.").  And Plaintiffs rely on identical allegations for their breach of contract claims and their unjust enrichment/quantum meruit claim.  *See* Am. Compl. ¶¶ 109-14; *In re Columbia Tuition Refund Action*, No. 20-CV-3208 (JMF), 2021 WL 790638, at *9 (S.D.N.Y. Feb. 26, 2021) ("Plaintiffs' unjust enrichment claims are easily dismissed, as the claims rest on the same factual allegations as their contract claims.").

Accordingly, the quasi-contract claims fail to state a claim and Count VI of the Amended Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Province respectfully requests that the Court dismiss the breach of contract claims of the Noteholder Plaintiffs (Counts I-V) and all Plaintiffs' claim for unjust enrichment/quantum meruit (Count VI).


Dated:  New York, New York
        August 6, 2021

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Carmine D. Boccuzzi, Jr. (cboccuzzi@cgsh.com)
    Rathna J. Ramamurthi (rramamurthi@cgsh.com)
    One Liberty Plaza
    New York, New York 10006
    (212) 225-2000

*Attorneys for The Province of Buenos Aires*